*LAW OFFICES OF JOIV G USUDE APC*:
**JOVI G. USUDE** - Bar No : 212895, AG229269
14833 Victory Boulevard
Van Nuys, CA 91411
Tel: (818) 988-9111 Fax: (818) 988-9118

Attorney for Petitioner: ADEX ODIETE

# IN THE UNITED STATES DISTRICT COURT
## OF CALIFORNIA- CENTRAL DISTRICT

| | |
|---|---|
| ADEX ODIETE, LINDA ODIETE ) | Case No.: |
| ) | |
| Petitioner. ) | **WRIT OF MANDAMUS AND** |
| ) | **DECLARATORY JUDGEMENT (28** |
| vs. ) | **U.S.C. § 2241)** |
| ) | |
| Ur Mendoza Jaddou District Director of the ) | |
| United States Citizenship and Immigration ) | |
| Services, Rosemary langley Melville Acting ) | |
| Director California Service Center of the ) | |
| United States Citizenship and immigration ) | |
| Service, ALEJANDRO MAYORKAS ) | |
| Secretary of Homeland Security ) | |
| Defendants, | |

**WRIT OF MANDAMUS AND DECLARATORY JUDGEMENT (28 U.S.C. § 2241)**

Law Office of Jovi G. Usude APC
Jovi G. Usude
California Bar No. 212895
14833 Victory Blvd.
Van Nuys, CA 91411
Tel:(818)988-9111
Fax: (818)988-9118
laattyjoviusude@aol.com

Attorney for Petitioner

# WRIT OF MANDAMUS AND DECLARATORY JUDGEMENT (28 U.S.C. § 2241) AND A STAY OF DEPORTATION (28 U.S.C. § 1651)

## INTRODUCTION

Petitioner, ADEX ODIETE had filed an I-130 application on behalf of his daughter Linda Odiete, said I-130 was approved sent to the National Visa Center, which sent the approved petition for processing in Lagos Nigeria.

Ms Linda Odiete was required to produce her birth Certificate which she did, said birth certificate predated any application filed on her behalf by her father. Birth certificate presented was one that was obtained even before her father left the shores of Nigeria to the United States of America, she also provided childhood pictures taken with her father, and receipts for financial upkeep made by her father Mr Adex Odiete form when she was a child to when she graduated from college. She was also required to undertake a DNA test in Nigeria. The result of the DNA concluded that Mr Adex Odiete was not her biological father.

Mr. Adex Odiete her father had been a victim of a paternity fraud perpetrated by the mother of Linda Odiete. Despite the knowledge derived from the DNA Mr. Adex Odiete has continued to stand by and support his daughter.

At the conclusion of Mr Odiete's daughter's interview in Lagos, Nigeria, at the Embassy of the United States, her visa application was denied. The reason given to his daughter for the denial was the conclusion obtained from the DNA, which was that I was not the biological father to my daughter. My daughter was informed that the visa refusal will be communicated to the United States Citizenship and Immigration Services who was supposed to adjudicate on the visa refusal.

Upon receipt of this information from my daughter I communicated with the United States Citizenship and Immigration Services, by informing them, that I had become aware of the DNA result and that I was Unperturbed by the result. I wrote to the United States Citizenship and

Immigration Services and informed them that the DNA results does not change my affiliation and love for my daughter Linda, I attached all money transfer payment I had been making on behalf of my daughter Linda Odiete dating back to when she was a minor and before I had filed a Petition for Alien relative on her behalf.

I never got any response back from the United State Citizenship and Immigration Services about the outcome of the report from the United States Embassy Lagos. I was never notified by the USCIS, that the approval of my daughter's I-130 petition had been revoked. (See attached declaration marked as "exhibit "A"). I become aware that USCIS had revoked my daughter's approval when my daughter and I attended her interview to adjust her status her in the United States of America.

On April 4, 2022, I attended an interview for Adjustment of Status with my daughter Linda Odiete at the USCIS office in Los Angeles, at that interview my daughter and I were informed by the interviewing officer that the Petition which I filed on her behalf and which was approved on August 13, 2007 was revoked on May 7, 2017 by the USCIS. The reason given for the revocation was that " DNA evidence excluded Petitioner, Adex Odiete as the biological father of beneficiary Linda Odiete".

I informed the interviewing officer that I was never given any letter of intent to revoke nor was I given I a revocation letter. Based on all the failure of USCIS to give me an intent to revoke letter or a revocation letter of letter, I instructed my attorney to do a Freedom of Information request on my myself from the USCIS, which was done. I subsequently received that feedback response from USCIS and in that response file, there was no record there provided by USCIS that a notice of Intent to deny was sent to me on my daughter Linda Odiete neither is there any Notice of Revocation in the file sent to me.

***Code of Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a,***

*particularly section205.2* provides inter alia:

§*205.2(c)*

***Notification of Revocation " if upon reconsideration, the approval previously granted is revoke, the director SHALL provide the Petitioner or self-petitioner with a written notification of the decision that explains the specific reasons for revocation".***

In this case no Notice of Intent to deny or revocation was ever issued to Petitioner Mr. Adex Odiete. His due process right was taken away. Petitioner's application is a violation of Petitioner's Due Process of Fifth Amendment Protection Clause.

Petitioner brings this complaint for mandamus, declaratory and injunctive relief before this Honorable Court to compel the defendants to cancel the purported revocation and comply with **Code of Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, *title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a, particularly section205.2***

The failure of Defendants, United States Citizenship and Immigration Services to send Notice of Intent to Deny or to send a Notice of Denial is a direct violation of the **Code of Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, *title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a, particularly section205.2*** and a violation of the due process rights of the Plaintiff, Adex Odiete.

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this lawsuit pursuant to *28 USC 2201* [jurisdiction to render declaratory judgments]; *28 USC 1361* [mandamus jurisdiction] and *28 USC 1331* [jurisdiction of civil actions arising under the Constitution and laws of the United States] The application emanated from the district and the Petitioner resides within this district.

## VENUE

Venue lies in the Central District of California because the Petitioner resides in the district

and because the cause of action arises in this district and the Los Angeles Filed Office located under the California District office of the United States Citizenship and Immigration Service is within this District.

**PARTIES**

The Petitioner, ADEX ODIETE, is a citizen and native of the United States of America, his daughter Linda Odiete is a non-criminal alien who was lawfully "admitted" under "inspection" into the United States.

Defendant Ur Mendoza JaddouAngela K. Barrow is the District Director of the United States Citizenship and Immigration Services, he is responsible for implementing Immigration Laws and regulations, including the provision at issue in this Lawsuit, in this USCIS district, he is being sued in his official capacity.

Defendant Rosemary langley Melville is the Acting Director California Service Center of the United States Citizenship and immigration Service and she is directly in charge of the Plaintiff's case.

Defendant ALEJANDRO MAYORKAS is the Secretary of Homeland Security he is being sued in his official capacity.

**STATEMENT OF FACTS**

Petitioner is a native and citizen of the United States, his daughter Linda Odiete is a native and Citizen of Nigeria, Petitioner Adex Odiete had an approved petition for his daughter Linda Odiete, said petition was revoked without any notice to Petitioner of Intent to Deny or Notice of revocation as required by law.

**STATEMENT OF LEGAL ISSUES**

1. Whether the failure to send a Notice of Intent to deny was lawful given the provisions of *Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a, particularly section205.2*

2. Whether the failure to comply with the provisions of *Code of Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a, particularly section205.2* by failing to send a Notice of Revocation was lawful.

3. Whether the failure to comply with the provisions of *Code of Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a, particularly section205.2* was a denial of due process as rights of Petitioner as guaranteed under the provisions of the Fifth Amendment of the Constitution.

4. Whether denial of the Application for Adjustment of Status by Petitioner Linda Odiete, which was denied as a result of the revocation of her Approved petition was lawful given the failure of USCIS to follow the provisions of *Code of Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a, particularly section205.2.*

5. Whether said revocation is valid given the failure of USCIS to comply with the provisions of *Code of Federal Regulation, Volume 1, Title Part 205- REVOCATION OF APPROVAL OF PETITIONS, title 8 U.S.C. 1101,1103, 1151, 1153, 1154, 1155, 1182, 1324a, particularly section205.2*

# ELIGIBILITY

Petitioner Linda Odiete would be eligible to adjust her status pursuant to INA section 245, 8 U.S.C. section 1255 and INA section 201 (b), 8 U.S.C. section 1151 ( b ), based on her approved petition which was unlawfully revoked.

This honorable court should estoppel USCIS based on its failure to conform to the law and possible bad faith in handling the Petitioner's revoked approval. See Matter ofCheh-Shih Wang v. Attorney General, 823 F.2d 1273 (8th Cir. 1987), there the Court blamed "INS carelessness and possible bad faith" .......... ; see also Matter ofFano v. O'Neill, 806 F.2d 1262 (5th Cir.1987).

Thus the Petitioner Linda Odiete would be is eligible to adjust her status once the unlawfully revoked approved petition is reinstated and her denied 1-485 [ adjustment of status] petition is review and adjudicated by USCIS California Service Center, the direct adjudicator of Petitioner's adjustment process.

Since, Petitioner's application for adjustment of status is pending before the Service ("DHS"), this Honorable Court should compel, direct and instruct USCIS California Service Center to reinstate the unlawfully revoked I-130 approval and favorably adjudicate the Petitioner's pending I-485 adjustment of status petition as deemed fit.

The petitioner is not a criminal alien and has strong family ties in the United States and she has been a tax paying individual. The suffering and emotional pain on her father who has been reunited with his daughter if she is removed will be inhumane and unbearable. Based on the foregoing the Petitioners respectfully prays the Court for the following relief:

# REQUEST FOR RELIEF

Mr. Adex Odiete and Ms. LINDA ODIETE requests the following relief:

1. An order requiring the "DHS/USCIS" to reinstate the unlawfully revoked approval.

2. An reinstating the denied I-485 Application for Adjustment of Status, and adjudicate on the I-485 petition on a date established by the Honorable Court

2. An Order declaring USCIS's actions and failure to send out to Petitioner Adex Odiete a Notice of Intent to Deny unlawful and a denial of his Fifth Amendment right.

3. An Order declaring USCIS actions and failure to Send Petitioner Adex Odiete a Notice of Revocation of Approval unlawful and a denial of his Fifth Amendment Right to due Process.

4. An order that Petitioner should not be removed until a decision has been reached on this case.

5. Such other relief as this honorable Court deems fit and reasonable.

Dated this 22nd of January, 2025

Respectfully Submitted

JOVI G. USUDE, Esq.
Law Offices of Jovi G. Usude APC
California Bar No. 212895
14833 Victory Blvd.,
Van Nuys, CA 91411
Tel: 818-988-9111
Fax: 818-988-9118
Laattyjoviusude@aol.com
Attorney for Petitioners

# EXHIBIT 1

## DECLARATION OF ADEX ODIETE.

**I ADEX ODIETE declare as follows:**

1. I am the Petitioner of an I-130 Application for Alien Relative filed on behalf of my daughter Linda Odiete. I have personal knowledge of the facts stated herein, and if called upon to testify, I could and would competently do so.

2. That my petition filed on behalf of my daughter Linda Odiete was approved by the United States Citizenship and Immigration Service.

3. That the approved Application was sent to the American Embassy in Lagos Nigeria for Processing.

4. That my daughter Linda Odiete had an interview at the Embassy in Lagos and she was informed that her DNA does not match mine and accordingly the embassy would be writing to the United States Citizenship and Immigration Services recommending that her approval be revoked.

5. That based on the feedback I received from my daughter I immediately wrote a letter to United States Citizenship and Immigration Service notifying them that I disputed the result of the DNA.

6. That Linda Odiete was given birth to as my daughter, her birth registered as my daughter and she has been raised as my daughter, from the date of her birth, and I have provided all the financial and emotional support as a father.

7. That only after the revelation of the DNA did it become apparent to me that I had been a victim of a fraud as the DNA disclosed that I was not the biological father.

8. That the DNA did not change my responsibility and position as a father to Linda Odiete.

9. That I continued to love and care for her as her father.

10. That I was never sent a Notice of Intent to Deny as Required by 8 CFR 103.2(b)(16)(iv).

11. That I was never sent a denial letter as required by 8 CFR 103.2(b)(16)(iv).

12. That with the assistance of my attorney I requested and obtained a copy of my file with USCIS under the Freedom of Information Act, and upon examination of the records provided to me there is not record that a notice of Intent to denial was sent to me as required by 8 CFR 103.2(b)(16)(iv).

13. That upon my review of my file sent to me from USCIS under the Freedom Of Information Act, there is no record of a denial letter sent to me by USCIS as required by 8 CFR 103.2(b)(16)(iv).

I declare under penalty of perjury under the law of the State of California that the foregoing is true and correct.

Executed July 2, 2024 at Douglasville, Georgia.

_____ 7/12/2024
**ADEX ODIETE**