UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 2:25-cv-00558-AH-(JCx) | Date October 2, 2025 |
| Title *Adex Odiete, et al. v. Ur Mendoza Jaddou, et al.* | |

Present: The Honorable Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) ORDER TO SHOW CAUSE RE: FAILURE TO APPEAR AND CONTINUING HEARING

On April 23, 2025, Defendant filed a motion to dismiss. Dkt. No. 16. Plaintiffs did not respond and on May 15, 2025, the Court granted the motion.[1] Dkt. No. 28. Plaintiffs thereafter filed an ex parte application, which the Court granted, Dkt. No. 28, pursuant to which Plaintiffs filed a motion to vacate final judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 25.

On August 7, 2025, the Court issued a Notice and Order to All Parties, setting for calendar on August 20, 2025, an in-person hearing regarding Plaintiffs' pending Rule 60 Motion. Dkt. No. 36. On August 20, 2025, the Court held an in-person hearing. Plaintiffs' counsel failed to appear without notifying the Court. Dkt. No. 37.

---

[1] The Court notes that this case was filed after an identical case was previously dismissed due to lack of prosecution. *See Adex Odiete v. Ur Mendoza Jaddou et al.*, No. 2-24-cv-06675-FMO-SK (C.D. Cal. Nov. 8, 2024), Dkt. Nos. 10–11.

The Court continued that hearing to September 24, 2025,[2] and ordered Plaintiffs' counsel to show cause regarding the failure to abide by the Court's Order and appear in Court on August 20, 2025.  Plaintiffs' response was due no later than September 17, 2025.  Counsel was notified that failure to timely or adequately respond may result in monetary sanctions of up to $500 per day.  The Order further required Plaintiffs' counsel to appear in person for the hearing.  The order advised counsel that failure to appear without sufficient justification may result in the Court dismissing the action.  Dkt. No. 38.

On September 25, 2025, Plaintiffs' counsel filed a belated response to the Order to Show Cause.  In that response, counsel stated that following a stroke in March 2025, counsel "was experiencing significant medical difficulties which rendered attendance impossible," but did not provide any specific facts or supporting documentation.  Dkt. No. 42.  The response further represented that to "prevent future disruption, counsel has made arrangements for additional calendaring safeguards and contingency support to ensure compliance with Court deadlines and appearances, even in the event of sudden health issues."  *Id*.  In addition, counsel "assure[d] the Court that every effort will be made to avoid recurrence."  *Id*.

Nonetheless, just six days later, counsel failed to appear in person at the continued hearing, as required, and failed to notify the Court.  Counsel for Defendant appeared again.

**The Order to Show Cause hearing is continued to November 12, 2025, at 1:30 p.m. in Courtroom 9C of the First Street Courthouse.  Counsel is admonished that failure to timely appear <u>in person</u> at the hearing, without sufficient good cause,[3] will result in the denial of the pending motion under Rule 60(b) and the case will remain closed.**  Defendant may appear remotely for this hearing.

**IT IS SO ORDERED.**

---

[2] The parties stipulated to continue the hearing to October 1, 2025, which the Court granted.  Dkt. No. 40.

[3] Contacting the Court and counsel after the hearing will not constitute good cause, nor will general representations regarding medical issues, without sufficient supporting facts and documentation.